UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTANA BELMONT,<br><br>            Plaintiff,<br><br>    v.<br><br>JAMES D. HARTLEY, et. al.,<br><br>            Defendants. | Case No.: 1:12-cv-01000-AWI-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

Plaintiff Santana Belmont is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order. The Court will provide Plaintiff with the legal standards that appear to apply to the claims. Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff is a Muslim inmate and alleges that he was denied the right to practice his religion at Avenal State Prison. In July 2011, Petitioner filed an inmate appeal claiming that his right to exercise his religion was being violated due to a policy that states "[u]nder the direct and constant supervision of a state chaplain or approved volunteer." Plaintiff indicated that previous accommodations were met by implementing the memo dated August 20, 2008, which set forth a schedule for chapel services . Plaintiff alleges that is obligatory for all Muslims to perform prayer in congregation on Fridays because Friday is the designated day of "Jumu'ah."

///

On August 2, 2011, Plaintiff received a response to his inmate appeal from Defendant L. Chavarria, Community Resource Manager at Avenal State Prison. After an interview with Plaintiff, the appeal was denied as follows:

> Your group appeal has received careful consideration and has been thoroughly researched. Avenal State Prison (ASP) is making every reasonable effort to provide for the religious and spiritual welfare for all faith groups. ASP policy … provides chapel access to all faith groups. . . . In the absence of a state chaplain of approved volunteer, faith groups may utilize the least restrictive alternative by use of a facility yard. With respect to previous accommodations via intermittent custodial coverage a memorandum authored by Associate Warden Mike Mayes, clarifies the presence of a chaplain or approved volunteer for religious programs.
>
> The appellants request for access to the chapel via intermittent custodial coverage is in direct violation of Avenal State Prison's policy. Furthermore, the safety and security of the institution cannot be compromised. Appellants request for intermittent custodial coverage of the chapel is DENIED.

(Compl., Ex. 1.[1])

Plaintiff then submitted his appeal for second level review. On September 6, 2011, Defendant James D. Hartley, Warden at Avenal State Prison partially granted the appeal. The appeal was partially granted in that Plaintiff's "request to be allowed to practice [his] religion in the chapel without interruption is partially granted in that the [Plaintiff] may utilize the Chaplain's schedule in order to schedule chapel time." It was noted that all of the Chaplains employed at ASP have documented schedules which are available to the Chapel's Clerk to organize events in the chapel. It was further noted that in August 2011 Muslim chaplain, Imam Michael Salaam, scheduled three of the four Fridays in August for Jumu'ah Prayer at the facility. The fourth Friday, August 26, Mr. Salaam was not available due to prayer services at another institution. Plaintiff's request that there be no reprisal toward any Muslin during or after the appeal process was granted pursuant to California Code of Regulation 3084.1(d).

The third level review was denied because the "Muslim Chaplain allotted time in each facility for the Jumu'ah prayer."

///

---

[1] The omitted portion of the decision is illegible.

## III.

## DISCUSSION

### A.   FIRST AMENDMENT

Under the First Amendment, "Inmates … retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (internal quotations and citations omitted). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith. Shakur v. Schriro, 514 F.3d 878, 884-885 (9th Cir. 2008); Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997), overruled in part by Shakur, 514 F.3d at 884-885. A mere inconvenience does not give rise to a violation; rather, the burden imposed must be substantial. Freeman, 125 F.3d at 737.

In analyzing the legitimacy of regulation of prisoners' religious expression, the court should consider the following factors set forth in Turner v. Safley, 482 U.S. 78, 89-90 (1987):

> (1) Whether there is a valid, rational connection between the regulation and the interest used to justify the regulation;
>
> (2) Whether prisoners retain alternative means of exercising the right at issue:
>
> (3) The impact the requested accommodation will have on inmates, prison staff, and prison resources generally; and
>
> (4) Whether the prisoner has identified easy alternatives to the regulation which could be implemented at a minimal cost to legitimate penological interests.

In this instance, Plaintiff fails to demonstrate that the religious program policy is not reasonably related to legitimate penological purposes. Significantly, Plaintiff fails to allege he has been denied "all means of religious expression." Ward v. Walsh, 1 F.3d 873, 877 (9th Cir. 1993) (citing O'Lone, 482 U.S. at 351-352). Plaintiff has therefore not stated a claim under the First Amendment. However, Plaintiff will be afforded an opportunity to amend the complaint to cure the deficiencies outlined herein.

///

**B.     RLUIPA**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution …, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-
>
> (1) is in furtherance of a compelling government interest; and
>
> (2) is the least restrictive means of furthering that compelling interest.

42 U.S.C. § 2000cc-1.  Plaintiff bears the initial burden of demonstrating that defendants substantially burdened the exercise of his religious beliefs.  Warsolider v. Woodford, 418 F.3d 989, 994-995 (9th Cir. 2005).  If plaintiff meets his burden, defendants must demonstrate that "any substantial burden of [plaintiff's] exercise of his religious beliefs is *both* in furtherance of a compelling governmental interest *and* the least restrictive means of furthering that compelling governmental interest." Id. (emphasis in original).  "RLUIPA is to be construed broadly in favor of protecting an inmate's right to exercise his religious beliefs." Id.

Plaintiff does not establish that the defendant or the rules at issue placed a substantial burden on his ability to practice his religion.  He acknowledges that he is able to practice his religion every six weeks, and he submits a Muslim Chaplain schedule for Avenal State Prison for the month of August, indicating services were available three Fridays that month,[2] and the fourth Friday was not available due to the unavailability of a chaplain.  In addition, Petitioner acknowledges he attends services in the yard, and he does not allege that the practice of his religion is substantially burdened.  Accordingly, Petitioner has not stated a cognizable claim under RLUIPA.

## V.

## CONCLUSION AND ORDER

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty (30) days.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by

---

[2] To this end, Plaintiff fails to specify the time period in which he was denied access to the chapel.

adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.  "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 30, 2012, is dismissed for failure to state a claim;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 20, 2013**                                         
                                                                UNITED STATES MAGISTRATE JUDGE